UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2012 APR 23 AM 9: 43

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------------X

CANDIE JACKSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. ANTOINETTE
SYLVESTER, Shield No. 28990, Individually and in her
Official Capacity, P.O. JACQUELINE GREENE, Shield
No. 11913, Individually and in her Official Capacity, and
P.O.'s "JOHN DOE" #1-10, Individually and in their
Official Capacity (the name John Doe being fictitious, as
the true names are presently unknown),

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**CV12-1968**

**KUNTZ, J.**

------------------------------------------------------------------X ORENSTEIN, M.J.

Plaintiff CANDIE JACKSON, by her attorneys, COHEN & FITCH LLP, complaining of

the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

1

## VENUE

4.    Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff CANDIE JACKSON is an African-American female and has been at all relevant times a resident of the City and State of New York.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.    At all times hereinafter mentioned, the individually named defendants P.O. ANTOINETTE SYLVESTER, P.O. JACQUELINE GREENE, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about February 12, 2012, at approximately 2:50 a.m., plaintiff CANDIE JACKSON was pulled over by defendant police officers and issued two (2) summonses, one for not having insurance when she did in fact possess documentation proving the validity of her insurance.

14.     Feeling that she should not have been issued said ticket, plaintiff called the 113th precinct, where the issuing officers were assigned, to lodge a complaint; plaintiff also called 311 to make a complaint.

15.     Thereafter, defendant police officers went to plaintiff's home at approximately 5:30 a.m. and they told her mother to have plaintiff come to the precinct in connection with the complaint she had lodged.

16.     Plaintiff complied with this request and when she arrived at the 113th precinct at approximately 6:15 a.m. she was immediately placed under arrest for the first time in her life with her arms handcuffed tightly behind her back.

17.     Plaintiff was thereafter charged with Criminal Mischief in the Fourth Degree and Obstructing Governmental Administration in the Second Degree for allegedly damaging the officers' patrol vehicle between 4:00 and 4:05 a.m. in the early morning of February 12, 2012.

3

18.     At no time on or about February 12, 2012, did plaintiff damage any property, obstruct governmental administration, nor did she behave unlawfully in any way.

19.     At no time on February 12, 2012, did defendants possess probable cause to arrest plaintiff.

20.     At no time on February 12, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21.     In connection with her arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Queens County District Attorney's Office.

22.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

23.     Specifically, defendants falsely and knowingly alleged that plaintiff had damaged their patrol vehicle and that plaintiff had obstructed them from performing their lawful duty.

24.     As a result of defendants' actions, plaintiff CANDIE JACKSON spent approximately forty-eight (48) hours in police custody.

25.     As a result of the foregoing, plaintiff CANDIE JACKSON was forced to appear in court on March 13, 2012, to fight the false allegations against her.

26.     Despite defendants' actions, at her March 13, 2012, court appearance all charges against plaintiff CANDIE JACKSON were dismissed.

27.     As a result of the foregoing, plaintiff CANDIE JACKSON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

4

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.    All of the aforementioned acts deprived plaintiff CANDIE JACKSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

5

35.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

37.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.    Defendants misrepresented and falsified evidence before the Queens County District Attorney.

39.    Defendants did not make a complete and full statement of facts to the District Attorney.

40.    Defendants withheld exculpatory evidence from the District Attorney.

41.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CANDIE JACKSON.

42.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff CANDIE JACKSON.

43.    Defendants acted with malice in initiating criminal proceedings against plaintiff CANDIE JACKSON.

44.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CANDIE JACKSON.

45.     Defendants lacked probable cause to continue criminal proceedings against plaintiff CANDIE JACKSON.

46.     Defendants acted with malice in continuing criminal proceedings against plaintiff CANDIE JACKSON.

47.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48.     Specifically, defendants falsely and knowingly alleged that plaintiff had damaged their patrol vehicle and that plaintiff had obstructed them from performing their lawful duty.

49.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CANDIE JACKSON's favor on or about March 13, 2012, when the charges against her were dismissed.

50.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" as if the same were more fully set forth at length herein.

52.     Defendants created false evidence against plaintiff CANDIE JACKSON.

53.     Specifically, defendants falsely and knowingly alleged that plaintiff had damaged their patrol vehicle and that plaintiff had obstructed them from performing their lawful duty.

54.     Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's office.

55.    Defendants misled the prosecutors by creating false evidence against plaintiff CANDIE JACKSON and thereafter providing false testimony throughout the criminal proceedings.

56.    In creating false evidence against plaintiff CANDIE JACKSON, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i.  arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

8

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CANDIE JACKSON's constitutional rights.

66. The acts complained of deprived plaintiff of her rights:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unlawful search;

    D.    Not to have summary punishment imposed upon her; and

    E.    To receive equal protection under the law.

## PENDANT STATE CLAIMS

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     On or about March 19, 2012, and within ninety (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

69.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and the hearing has not yet been scheduled.

71.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

72.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

73.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

76.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendant police officers touched plaintiff CANDIE JACKSON in a harmful and offensive manner.

79.     Defendant police officers did so without privilege or consent from plaintiff.

80.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

82.     Defendant police officers arrested plaintiff CANDIE JACKSON in the absence of probable cause and without a warrant.

83.     As a result of the aforesaid conduct by defendants, plaintiff CANDIE JACKSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.   The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.    As a result of the foregoing, plaintiff CANDIE JACKSON was falsely imprisoned, her liberty as restricted for an extended period of time, was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints.

86.    Plaintiff was conscious of said confinement and did not consent to same.

87.    The confinement of plaintiff was without probable cause and was not otherwise privileged.

88.    As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

91.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

92.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

93.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

94.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

95.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    On February 12, 2012, defendants commenced a criminal proceeding against plaintiff CANDIE JACKSON.

97.    Defendants lacked probable cause to commence said criminal proceeding against plaintiff CANDIE JACKSON.

98.    Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff CANDIE JACKSON.

99.    From February 12, 2012, through March 13, 2012, plaintiff was forced to make appearances in Criminal Court to defend herself against the unlawful prosecution initiated by defendants.

100.    As a result of the malicious prosecution against her, plaintiff CANDIE JACKSON spent approximately forty-eight (48) hours in police custody.

101.    On March 13, 2012, the criminal prosecution against plaintiff CANDIE JACKSON was terminated in her favor when the charges against her were dismissed.

102.    As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

105.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

106.    Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

107.    As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

  i.    an order awarding compensatory damages in an amount to be determined at trial;

 ii.    an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 20, 2012

BY: _____
GERALD COHEN
JOSHUA FITCH

14

COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com